1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAN NGUYEN,                                   No.  2:25-cv-01409-TLN-CKD (PS)

12                    Plaintiff,

13            v.                                     ORDER

14    NAPA SUPERIOR COURT, et al.,

15                    Defendants.

16

17         Plaintiff, proceeding without counsel, filed a complaint and a motion to proceed in forma

18   pauperis on May 19, 2025. (ECF Nos. 1, 2.) This matter is before the undersigned pursuant to

19   Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Venue does not lie in this district. For the

20   following reasons, the court will transfer this action to the United States District Court for the

21   Northern District of California.

22         If a court determines the appropriate venue for a case lies in another division or district,

23   the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

24   division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue

25   statute provides that a civil action "may be brought in (1) a judicial district in which any

26   defendant resides, if all defendants are residents of the State in which the district is located; (2) a

27   judicial district in which a substantial part of the events or omissions giving rise to the claim

28   occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there

                                                      1

1    is no district in which an action may otherwise be brought as provided in this section, any judicial

2    district in which any defendant is subject to the court's personal jurisdiction with respect to such

3    action." 28 U.S.C. § 1391(b).

4        Here, the named defendants are located in Napa California, which is in the Northern

5    District of California.[1] In addition, it appears the complaint's allegations involve events that took

6    place in Napa County. The complaint's allegations do not establish that a substantial part of the

7    events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).

8    Venue does not properly lie in this district. See 28 U.S.C. § 1391(b).

9        Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong

10    division or district" if it is "in the interest of justice" to do so. If a district court denies such a

11    transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). Transfer is

12    generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit

13    could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391

14    (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the case

15    was deliberately filed in the wrong court through forum shopping, Wood, 705 F.2d at 1523, or if

16    it is clear the complaint could not be amended to state a cognizable claim, see generally Lemon v.

17    Kramer, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

18        Here, there is no indication plaintiff deliberately filed this case in the wrong court, and the

19    court is unable to conclude there are no circumstances under which plaintiff can state a

20    cognizable claim. The court will transfer this action to the Northern District of California

21    pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion

22    regarding the merits of plaintiff's complaint. Plaintiff is instructed to direct any further filings or

23    inquiries related to this case to the United States District Court for the Northern District of

24    California. Further documents filed in the Eastern District of California related to this case will be

25    disregarded.

26    ////

27

28    [1] Plaintiff's address of record is also in Napa County, California.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  This action, including the pending motion to proceed in forma pauperis, is

3        TRANSFERRED to the United States District Court for the Northern District of

4        California pursuant to 28 U.S.C. § 1406(a).

5    2.  The Clerk of the Court shall close this case.

6    Dated:  May 24, 2025

7    _____
     CAROLYN K. DELANEY

8    UNITED STATES MAGISTRATE JUDGE

9

10   8, nguy25cv1409.ven

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3